```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

KENNETH PAGAN,                      )
                                    )
                Plaintiff,          )
                                    )
       v.                           )    Civil Action No. 04-1229
                                    )    CHIEF JUDGE AMBROSE
M.J. MATTHEWS, et al.,              )    MAGISTRATE JUDGE HAY
                                    )
                Defendants.         )

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that defendants' motion to dismiss (Docket #16) be granted.

### II. REPORT

Plaintiff, Kenneth Pagan, is a prisoner at the State Correctional Institution at Waynesburg, Pennsylvania. He filed the instant civil rights complaint on August 17, 2004, and alleges therein that his constitutional rights were violated during a disciplinary hearing at SCI Pittsburgh on August 9, 2002. Specifically, Pagan alleges that he was found guilty of a misconduct (possessing drugs) but was denied witnesses at the hearing, had his written version of events thrown away by the hearing officer, and was not provided with the physical evidence against him (the actual marijuana seized from his cell, or pictures thereof). Pagan alleges that he was thereafter denied parole, in part due to this improper misconduct proceeding, and

that he was placed in administrative custody for a period of 180 days.

Defendants have filed a motion to dismiss (Docket #16) and a brief in support thereof (Docket #17) and assert that there is no core constitutional violation underlying the allegations of a flawed disciplinary proceeding. Pagan has responded (Docket #s 20 and 21) and the motion is ripe for disposition.

Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The complaint must be read in the light most favorable to the plaintiff and all well-pled material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976).

Further, where a plaintiff is proceeding pro se, the standard differs slightly. A pro se complaint, "however inartfully pleaded," is subject to more liberal review than a district court's review of pleadings prepared by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In liberally construing a pro se plaintiff's pleadings, we will "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 687 (3d Cir.2002). This more liberal standard of

construction means that a pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 520-21.

Plaintiff asserts that he was denied due process during the disciplinary proceedings and during the subsequent appeal therefrom. This claim arises under the Due Process Clause of the Fourteenth Amendment. As an initial matter, plaintiff must set forth facts that demonstrate that he had a protected liberty interest that was impaired by defendants' actions. Hewitt v. Helms, 459 U.S. 460 (1983); Morrissey v. Brewer, 408 U.S. 471 (1972). In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court pronounced the standard for determining whether prison conditions deprive a prisoner of a liberty interest that is protected by due process guarantees. Specifically, the Supreme Court held that prison conditions do not impact a protectable liberty interest unless they result in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483 (emphasis added).

At issue in Sandin was whether the plaintiff's thirty-day detention in disciplinary custody in a Hawaii prison impacted any protectable liberty interest under the Fourteenth Amendment. The Supreme Court concluded that the prisoner in Sandin did not

have a protected liberty interest in remaining free of disciplinary detention or segregation because his thirty-day disciplinary detention, though punitive, did not present a dramatic departure from the basic conditions of his sentence. In finding that the prisoner's 30-day confinement in disciplinary custody did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest, the Supreme Court noted the following three factors: 1) the relatively short duration of the segregation; 2) the similarity between the conditions of confinement in disciplinary segregation and the conditions imposed upon other inmates; and 3) the lack of any direct collateral consequences affecting the length of the prisoner's underlying sentence. Applying this test, the Supreme Court concluded that the prisoner in Sandin did not have a protected liberty interest in remaining free of disciplinary detention or segregation because his thirty-day disciplinary detention, though punitive, did not present a dramatic departure from the basic conditions of his sentence.

      Employing the due process analysis announced in Sandin, the federal courts, including the United States Court of Appeals for the Third Circuit, have concluded that placement in restrictive confinement for periods of up to one year, and more, does not trigger a constitutionally protected liberty interest as it does not constitute an atypical and significant hardship in

relation to the ordinary incidents of prison life.  See Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997)(it is not atypical to be exposed to conditions of administrative custody for periods as long as 15 months as such stays are within the expected parameters of an inmate's sentence).

Here, plaintiff received a total of 180 days of disciplinary detention as a result of the misconduct.  Under the rule announced in Sandin, as applied by our circuit court in Griffin, this court must conclude that plaintiff's disciplinary detention did not impose an atypical and significant hardship in relation to the ordinary incidents of his prison sentence sufficient to give rise to a protected liberty interest.  Consequently, plaintiff was not entitled to any due process protections with respect to the issuance of his misconduct report or the procedures employed during his disciplinary hearing.

Further, to the extent that Pagan alleges that his parole proceeding was tainted by the improper misconduct proceeding, a prisoner does not have a constitutional right to be free from being falsely or wrongly accused of conduct that may result in the deprivation of a protected liberty interest. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988).  In other words, the mere filing of false charges against an inmate does not constitute a per se constitutional violation.  Id.  Before the Supreme Court issued

its decision in <u>Sandin</u>, the federal courts had determined that the filing of unfounded administrative charges against an inmate may result in a procedural due process violation <u>only</u> when such charges were not subsequently reviewed in a misconduct hearing. <u>Freeman</u>, 808 F.2d at 952 (an allegation that a prison guard planted false evidence fails to state a claim where the procedural due process protections as required in <u>Wolff v. McDonnell</u> are provided)(citation omitted). Thus, even if false charges impaired a protected liberty interest, as long as prison officials granted the inmate a hearing and an opportunity to be heard (which occurred in this case), the filing of unfounded charges did not give rise to a procedural due process violation actionable under section 1983. <u>Accord</u> <u>Jones v. Coughlin</u>, 45 F.3d 677 (2d Cir. 1995); <u>Franco v. Kelly</u>, 854 F.2d 584, 587 (2d Cir. 1988); <u>McClean v. Seclor</u>, 876 F. Supp. 695 (E.D. Pa. 1995). In light of the Supreme Court's ruling in <u>Sandin</u>, however, plaintiff has not even demonstrated that he had a constitutionally protected liberty interest in his disciplinary proceeding that was offended by the Commonwealth defendants' actions. Thus, it is unlikely that the filing of false charges, even in the absence of a misconduct hearing, would state a constitutional claim on the facts before this court. <u>See</u> <u>Strong v. Ford</u>, 108 F.3d 1386 (Unpublished Opinion), 1997 WL 120757 (9th Cir. 1997)(the alleged making of a false charge, however reprehensible or violative of

state law or regulation, does not constitute the deprivation of a federal right protected by 42 U.S.C. §1983 when it does not result in the imposition of an atypical hardship on the inmate in relation to the ordinary incidents of prison life). Therefore, Pagan's assertion that the false charges have somehow affected his parole eligibility does not state a claim upon which relief can be granted.[1]

---

[1] And, finally, Pagan may not attack the validity of his parole revocation proceeding in a § 1983 proceeding. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)(state court conviction may not be collaterally attacked in § 1983 proceeding absent reversal of conviction in state court or in habeas proceeding). Here, Pagan must first have the parole revocation proceeding overturned in the state courts before he could assert that his constitutional rights were violated therein. Since this has clearly not occurred, defendant's motion to dismiss should be granted. In Heck, the plaintiff was convicted of voluntary manslaughter for killing his wife, and he filed a civil rights complaint asserting that his constitutional rights were violated during the state court criminal proceeding. The Supreme Court reiterated the firmly entrenched rule that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement. Id. at 481 (citation omitted). Heck has also been applied in the context of challenges to decisions revoking or refusing to grant parole. Johnson v. Paparozzi, 219 F.Supp.2d 635, 640-41 (D.N.J.2002); Mitchell v. Department of Corrections 272 F.Supp.2d 464, (M.D.Pa.,2003)(Applying Heck to parole context, and finding that favorable termination of state court proceedings is absolute prerequisite for suit based on parole, even if prisoner has been released from custody). In Benson v. N.J. State Parole Bd., 947 F.Supp. 827, 832 (D.N.J.1996) the court found a §1983 claim for the denial of timely parole was barred under Heck. The court held that a §1983 complaint alleging the denial of timely parole necessarily "seeks to attack the duration of his sentence in his §1983 suit," and that this was improper under Heck since "his claim that the Parole Board acted illegally has not been vindicated in either a state appellate proceeding or federal habeas proceeding.". Id. at 833. Likewise, in this case, it is clear that Pagan seeks to prove that the revocation of his parole was improper and that he is thus entitled to damages and release from
(continued...)

III. CONCLUSION

Wherefore, on the basis of the foregoing, it is respectfully recommended that defendants' motion to dismiss (Docket #16) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
UNITED STATES MAGISTRATE JUDGE

Dated: 8 November, 2005

cc:  Kenneth Pagan, CF-5433
     175 Progress Drive
     Waynesburg, PA 15370

     Kemal Alexander Mericli, Esquire
     Senior Deputy Attorney General
     6th Floor, Manor Complex
     564 Forbes Avenue
     Pittsburgh, PA 15219

---

[1](...continued)
custody. Such allegations are barred by Heck as they necessarily implicate the validity of a state court proceeding, and Pagan has not obtained a favorable ruling from the state courts in this respect.